IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0937-13






BRAXTON MENDOZA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


CALDWELL COUNTY





 Keasler, J., delivered the opinion of the Court, in which Keller, P.J., and
Meyers, Price, Womack, Hervey, Cochran, and Alcala, JJ., joined. Johnson, J.,
dissented.


O P I N I O N 



 The sole issue is whether Braxton Mendoza suffered egregious harm when the trial
court erroneously failed to include in its jury charge a limiting instruction under Texas Penal
Code § 8.07(b) that would have instructed the jury that Mendoza could not be prosecuted for
an offense committed while he was a minor. The court of appeals concluded that Mendoza
did not suffer egregious harm. Although the court of appeals used an incorrect harm
analysis, we agree with its conclusion and affirm its judgment.

I. Facts & Procedural History

 Mendoza's indictment alleged that he committed aggravated sexual assault on August
15, 2010, by penetrating the sexual organ of M.M., a child younger than the age of fourteen
years, with his penis. Mendoza entered a plea of not guilty, and the case was tried to a jury.

 During the trial, testimony centered around a five-year period during which Mendoza
sexually assaulted M.M. on three separate occasions: once in 2006 when M.M. was six and
Mendoza was thirteen, once in 2008 when M.M. was nine and Mendoza was sixteen, and
once in 2010 when M.M. was ten and Mendoza was seventeen. His indictment charged only
the final, 2010 incident. (1)

 Though Mendoza was not charged with offenses arising out of the first two incidents,
evidence of them was admitted at trial under Texas Rule of Evidence 404(b) (2) and Texas
Code of Criminal Procedure article 38.37. (3) With respect to the evidence of the first two
incidents, the trial court gave the following limiting instruction:

 The Defendant is on trial solely on the charge contained in the indictment. In
reference to evidence, if any, that the Defendant has engaged in transactions
or acts other than that which is charged by the indictment in this case, you are
instructed that you cannot consider such other transactions or acts, if any, for
any purpose unless you first find and believe beyond a reasonable doubt that
the Defendant engaged in said transactions or acts, if any, and even then, you
may only consider said evidence for the following purposes: determining
intent, identity, motive, opportunity, plan, preparation, or absence of mistake
or accident, if it does; and for the purpose of determining the state of mind of
the Defendant and the child, or the previous and subsequent relationship
between the Defendant and the child, if any.


 However, the trial court did not specifically give a § 8.07(b) instruction, which would
have instructed the jury to assess guilt only with respect to the 2010 incident, when Mendoza
was seventeen. Instead, the trial court gave the following instruction regarding proof of the
date of the alleged offense:

 You are instructed that the State is not required to prove the exact date alleged
in the indictment, but may prove the offense, if any, to have been committed
at any time prior to the presentment of the indictment. And the date of the
presentment of the indictment in this cause was the 17th day of August of
2011. 


Mendoza did not object to this instruction, request a § 8.07(b) instruction, or object to the
lack of a § 8.07(b) instruction.

 The jury found Mendoza guilty of aggravated sexual assault, and the court sentenced
Mendoza to seventeen years' confinement. Mendoza appealed the conviction, arguing that
the trial judge had a sua sponte duty to include a § 8.07(b) limiting instruction, and that
failure to do so caused him egregious harm sufficient to warrant a new trial. The court of
appeals overruled Mendoza's point of error and affirmed the trial court's judgment.

II. Court of Appeals' Opinion

 The court of appeals concluded that the trial court erroneously omitted a § 8.07(b)
limiting instruction. Despite reciting the correct standard articulated in Almanza v. State, (4)
the lower court did not conduct the appropriate analysis. (5) The opinion does not reflect a full
consideration of the four factors that, under the well-settled law, appellate courts should take
into account in a jury-charge harm analysis. Instead, the court of appeals seemingly
conducted a legal-sufficiency analysis, which is not the same as an Almanza analysis. (6) The
opinion concludes in its penultimate paragraph that "[t]he evidence . . . was sufficient to
allow reasonable jurors to find beyond a reasonable doubt that Mendoza committed the prior
offenses." (7) We granted review to examine the lower court's harm analysis.

III. Standard of Review

 Upon a finding of error in the jury charge, there are separate standards of review
depending on whether the defendant timely objected to the jury instructions. (8) If the
defendant timely objected to the jury instructions, then reversal is required if there was some
harm to the defendant. (9) If the defendant did not timely object to the jury instructions, as is
the case here, then reversal is required only if the error was so egregious and created such
harm that the defendant did not have a fair an impartial trial. (10)

 Jury-charge error is egregiously harmful if it affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive theory. (11) In
examining the record to determine whether charge error is egregious, we consider: (1) the
entirety of the jury charge itself, (2) the state of the evidence, (3) the arguments of counsel,
and (4) any other relevant information revealed by the trial record as a whole. (12) Egregious
harm is a difficult standard to meet and such a determination must be made on a case-by-case
basis. (13) Neither party bears the burden on appeal to show harm or lack thereof under this
standard. (14)

IV. Analysis

 We conclude that a consideration of all relevant factors does not reveal the existence
of egregious harm to Mendoza under the Almanza standard. The omission of a § 8.07(b)
instruction did not affect the very basis of the case, deprive Mendoza of a valuable right, or
vitally affect a defensive theory. (15)

 A. The Jury Charge

 In addition to the absence of a § 8.07(b) limiting instruction, Mendoza argues that the
language of instruction four--that the State may prove the indicted offense to have been
committed at any time before the presentment of the indictment--affirmatively authorizes
the jury to convict based on the two incidents that occurred before Mendoza's seventeenth
birthday. We believe that the charge taken as a whole sufficiently directed the jury's
attention to the charged incident. 

 The court instructed the jury that Mendoza was charged with aggravated sexual
assault alleged to have been committed on or about the 15th day of August, 2010. The
charge made no mention of any other dates or incidents. The court instructed the jury that 
Mendoza was on trial solely for the charge contained in the indictment, which the jury was
informed several times was only the final, 2010 incident. Furthermore, the charge included
a limiting instruction that explained to the jury what function the evidence of the first two
incidents should serve in its decision: evidence of acts other than those charged should be
considered only for the permissible purposes under Rule of Evidence 404(b) and Code of
Criminal Procedure article 38.37--proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident (16) or state of mind of the defendant and
the child and the previous and subsequent relationship between the defendant and the child, (17)
respectively. The court instructed the jury that Mendoza was guilty only if it believed beyond
a reasonable doubt that he committed aggravated sexual assault on or about the 15th day of
August, 2010. The court instructed the jury that its sole duty was to determine Mendoza's
guilt or innocence under the indictment in this case. 

 A defect in the jury instructions can be mitigated by the context in which it was
presented. (18) While the trial court should have given a § 8.07(b) instruction, the charge as a
whole focused the jury on the charged incident and appropriately directly the jury to limit its
consideration of Mendoza's prior conduct.

 B. The State of the Evidence

 The victim testified that Mendoza sexually assaulted her on three separate occasions
over five years. She provided details at trial about the assaults, including the approximate
dates, times, and words exchanged during the incidents. An exam conducted by a Sexual
Assault Nurse Examiner on the victim revealed healed injuries consistent with the sexual
abuse described. One of the incidents occurred in 2010, after Mendoza's seventeenth
birthday. Mendoza presented witnesses at trial who testified that he and the victim were
never home alone. Mendoza testified and denied ever assaulting the victim. The jury found
Mendoza guilty of the only charged count of aggravated sexual assault. 

 It is unlikely that the jury believed Mendoza to have sexually assaulted the victim on
the first two occasions before he was seventeen, but disbelieved Mendoza to have sexually
assaulted the victim on the third occasion after he was seventeen. (19) Mendoza's position at
trial was that none of the assaults occurred, rather than that the first two occurred but the last
one did not. The jury would much more likely believe either that all of the assaults occurred
or that none of the assaults occurred. Evidence of the first two incidents was properly
admitted under Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure 38.37
as evidence for the jury to consider for the enumerated permissible purposes, including the
relationship between Mendoza and the victim. (20) The jury could have found that the evidence
of the first two incidents made it more likely that the third incident occurred, and the
evidence of the first two incidents combined with all the other evidence presented in the case
convinced it beyond a reasonable doubt that the third incident occurred.

 Mendoza argues that the relatively graphic nature with which the victim described the
first two incidents compared to the tamer nature with which the victim described the third
might have led the jury to find that the first two incidents did occur, while finding that the
third incident did not occur. An examination of the victim's testimony reveals that all three
incidents were described with equal amounts of detail. Moreover, the victim described the
final attack at the beginning of her testimony, and then testified about the first and second
attacks, drawing the focus of the direct examination to the third. Many of the victim's
answers to questions about the first and second incidents were that it "happened the same
way" as it did in the final incident, rather than retelling the details.

 There is no indication of egregious harm based on the state of the evidence. In
addition to the jury's probable understanding that it could only convict on the third incident,
there is no indication that it disbelieved the victim's testimony only regarding the third
incident but inappropriately convicted on the first two incidents nonetheless.

 C. Arguments of Counsel

 Counsel for Mendoza was the first in closing arguments to bring up the testimony
regarding the assaultive incidents that took place before Mendoza was seventeen. The
defense attorney referred to all three of the incidents in the same manner and did not
emphasize any one over the others. Similarly, the State spent approximately equal time
discussing the three different incidents, grouping them all together for the purpose of arguing
that they actually happened. The State did not encourage the jury to find Mendoza guilty
based on the first two incidents, but instead focused on the last incident: "[h]e was 17 years
old the last time this happened, 13 the first time, 16 the next time, 17 the last time. She was
six, nine and ten. This is not child on child. This was a man, 17-year-old man on a ten-year-old girl." The State's focus on the final incident makes this factor weigh against egregious
harm because it made clear to the jury on which incident it could determine guilt.

 D. Other Relevant Information

 Mendoza urges us to consider remarks by the State during jury selection that he
believes weigh in favor of egregious harm. Specifically, Mendoza argues that "the
prosecutor sought to distance himself from and downplay the 'on or about' language of the
indictment" by saying "the law says that if a crime happened around a certain period of time
and the jurors all believe that it was on or about this period of time, that's good enough." We
fail to see how this correct statement of the law weighs in favor of egregious harm.

 Moreover, the State during jury selection explained that only when a person is
seventeen can he or she be charged as an adult in Texas. The State explained that crimes
committed by a person under seventeen are handled in juvenile court. The State's remarks
made during jury selection weigh against egregious harm here because it was made clear to
the jury that seventeen is the age after which individuals can be prosecuted in the district
courts for crimes in Texas. The jury was made well aware that the first two incidents
occurred before Mendoza was seventeen and that the third incident occurred after Mendoza
turned seventeen. 

V. Conclusion

 Although we find that the court of appeals used an inappropriate harm analysis, we
hold that it reached the correct conclusion. We hold that the erroneous omission of a §
8.07(b) instruction did not egregiously harm Mendoza. The court of appeals' judgment is
affirmed.


DELIVERED: June 18, 2014

DO NOT PUBLISH
1. See Tex. Penal Code § 8.07(b) (providing that "a person may not be prosecuted
for or convicted of any offense committed before reaching 17 years of age except an
offense described by Subsections (a)(1)-(5)").
2. Tex. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith. It may, however, be admissible for other purposes such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.").
3. Tex. Crim. Proc. Code art. 38.37, § 1(b) ("Notwithstanding Rules 404 and 405,
Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the
defendant against the child who is the victim of [a Chapter 21 offense] shall be admitted
for its bearing on relevant matters, including: (1) the state of mind of the defendant and
the child; and (2) the previous and subsequent relationship between the defendant and the
child.").
4. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).
5. Mendoza v. State, No. 11-12-00206-CR, 2013 WL 2642406, at *3 (Tex.
App.--Eastland Jun. 6, 2013) (mem. op., not designated for publication).
6. Id. at *3-*4.
7. Id. at *4.
8. Almanza, 686 S.W.2d at 171.
9. Id.
10. Id.
11. Stuhler v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).
12. Gelinas v. State, 398 S.W.3d 703, 705-706 (Tex. Crim. App. 2013).
13. Taylor v. State, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).
14. Reeves v. State, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).
15. See Stuhler, 218 S.W.3d at 719. 
16. Tex. R. Evid. 404(b)
17. Tex. Crim. Proc. Code art. 38.37
18. See Gelinas, 398 S.W.3d at 708-709.
19. See Taylor, 332 S.W.3d at 493. 
20. See Tex. R. Evid. 404(b); see also Tex. Code Crim. Proc. art. 38.37.